UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN THE MATTER OF: ) Case No: B-1082004 C-13D
**HELEN P. TAYLOR,** )
 )
 Debtor(s) )
_____)

OBJECTION BY STANDING TRUSTEE TO CONFIRMATION OF PLAN

NOW COMES Richard M. Hutson, II, Standing Trustee ("Trustee") and respectfully objects to confirmation of the Debtor's plan pursuant to 11 U.S.C. §1325(a)(4) and shows unto the Court the following:

1. The Debtor filed a petition under Title 11 of the United States Code, Chapter 13, on October 29, 2010, in the United States Bankruptcy Court for the Middle District of North Carolina.

2. On October 29, 2010, Richard Hutson, II, was appointed as Chapter 13 Trustee.

3. This Court has proper and personal jurisdiction of the subject matter hereof and over the parties pursuant to 28 U.S.C. §§151, 157 and 1334, and the Standing Order entered by the United States District Court for the Middle District of North Carolina and this is a core proceeding within 28 U.S.C. §157(b).

4. In Schedule "B" of the petition, the Debtor listed part ownership of a money market account worth $22,631.31. No exemption has been claimed by the Debtor to her interest in the account.

5. The Debtor has proposed a plan with payments of $828.00 per month for a period of 60 months. There is no required return provided to unsecured creditors. The Debtor lists unsecured debt of approximately $42,117.00 on Schedule "F".

6. According to the Debtor's Statement of Current Monthly Income ("CMI"), filed with the petition as Official Form B22C, the Debtor has annualized current monthly income that is more than the applicable median income for North Carolina; therefore, disposable income is determined using 11 U.S.C. §1325(b)(3) and Form B22C.

7. The Trustee objects to confirmation of the plan on the basis that the plan may violate the liquidation test for confirmation found in 11 U.S.C. §1325(a)(4). The Debtor would appear to have at least a one-half interest in the money market

1

account and, thus, is required to provide approximately $11,315.00 to unsecured creditors, which is the amount they would expect to receive in a Chapter 7 case.

8. The Trustee objects to confirmation of the Debtor's plan in that the Debtor is not devoting all of her projected disposable income to unsecured creditors as required by 11 U.S.C. §1325(b). The Debtor has taken a deduction on line 45 of Form B22C for charitable contributions in the amount of $292.91 per month. The Debtor's 2009 tax return reflects cash donations of approximately $1,465.00 for the year, or $122.08 per month. Absent evidence to the contrary, the Debtor must reflect a deduction on line 45 of Form B22C of only $122.08 per month. Additionally, the Debtor owns an unencumbered automobile, a 1999 Toyota. On lines 28 of Form B22C, the Debtor takes a vehicle ownership expense in the amount of $496.00 for the 1999 Toyota. On January 11, 2011, the United States Supreme Court, in Ransom v. FIA Card Services, 2011 WL 66438, held that, when determining disposable income in a Chapter 13 case, a debtor may not claim a vehicle ownership deduction unless the debtor makes loan or lease payments on the vehicle. The Debtor in this case has claimed a total of $496.00 in vehicle ownership deductions that are not permissible in light of the Court's decision in Ransom. When this deduction is removed from Form B22C, and the charitable contribution deduction is reduced to $122.08 per month, the Debtor is left with approximately $469.26 of disposable monthly income that must be devoted to general unsecured creditors.

WHEREFORE, the Trustee prays the Court for an Order as follows:

1. That the Debtor's plan not be confirmed in that the plan does not comply with 11 U.S.C. §§1325(a)(4) and 1325(b) and this case is dismissed for cause pursuant to 11 U.S.C. §1307;

2. In the alternative, the Debtor's plan be modified to provide for $28,155.00 to general unsecured creditors; or

3. For such other and further relief as the Court may deem just or proper.

This the 24th day of January, 2011.

                                                s/Benjamin E. Lovell
                                                Benjamin E. Lovell
                                                Attorney for the Trustee
                                                State Bar No: 23266
                                                P.O. Box 3613
                                                Durham, N.C. 27702

## CERTIFICATE OF SERVICE

       This is to certify that I have this day served a copy of the foregoing document upon John T. Orcutt, Esq., 6616-203 Six Forks Rd., Raleigh, NC 27615, Helen P. Taylor, 1018 Ellis Rd., Durham, NC 27703, and Michael D. West, Esq., U.S. Bankruptcy Administrator, PO Box 1828, Greensboro, NC 27402 by depositing a copy of same in the United States Mail, postage prepaid, and in the manner prescribed by Rule 5 of the Federal Rules of Civil Procedure.

       This 24th day of January 2011.

                                            s/Benjamin E. Lovell
                                            Benjamin E. Lovell, Esq.
                                            Attorney for the Standing Trustee